**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROSE McCANTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 16-0283-WS-C** |
| | ) | |
| **CITIFINANCIAL SERVICING,** | ) | |
| **LLC,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on Defendants' Motion to Compel Arbitration (doc. 12) and plaintiff's Motion to Strike Declaration of Lani Dodson (doc. 17).  After extensive briefing by the parties and oral argument conducted on October 18, 2016, Magistrate Judge Cassady entered a comprehensive Report and Recommendation (doc. 27), in which he recommended that the Motion to Strike be denied, that the Motion to Compel Arbitration be granted in part and denied in part, that the matter be referred to arbitration, and that this action be stayed pending the outcome of arbitration.  Plaintiff filed Objections (doc. 28) to the Report and Recommendation, to which defendants filed a Response (doc. 30).

In his "Notice of Right to File Objections," the Magistrate Judge advised the parties of their right to object via filing "specific written objections with the Clerk of Court."  (Doc. 27, at 26.)  Applicable rules are clear that such objections must be "specific," indeed.  *See* Rule 72(b)(2), Fed.R.Civ.P. ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file ***specific written objections*** to the proposed findings and recommendations.") (emphasis added).  On that basis, the Report and Recommendation cautioned the parties that "[a]n objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific."  (Doc. 27, at 27.)

Notwithstanding the specificity requirement, plaintiff's Objections to the Report and Recommendation track verbatim (with only very minor, non-substantive additions and deletions) her original Response in Opposition to Defendants' Motion to Compel Arbitration filed on

August 10, 2016.  (*Compare* doc. 16 to doc. 28.)  Indeed, side-by-side comparison of the two documents reveals that plaintiff's Objections consist of a wholesale cut-and-paste of the brief she previously submitted to the Magistrate Judge, with each section now prefaced by a generic statement that "[t]he Magistrate Judge erred" by ruling against plaintiff on that issue.  (Doc. 28, at 3, 8, 13, 14, 19, 21, 27.)[1]  Because they do nothing more than blithely incorporate previous briefs, such Objections are not "specific," as required by the rules.  More fundamentally, plaintiff's Objections are unhelpful because they are devoid of any analysis or discussion of how plaintiff contends the Magistrate Judge got it wrong in the Report and Recommendation.  Plaintiff nowhere sets forth any argument outlining why she believes the Report and Recommendation is incorrect on any of these points, much less identifying what she contends to be particular flaws or shortcomings in the Magistrate Judge's treatment of the numerous arguments raised by plaintiff against compelling arbitration or considering the Dodson Declaration.  Instead, plaintiff flatly says (without elaboration) that the Magistrate Judge erred in each and every determination included in the Report and Recommendation, and invites the Court to sift through plaintiff's earlier brief to derive some reason that might support such a conclusion.  That is not how the Rule 72(b)(2) review process is designed to work.

At any rate, the Court has reviewed both plaintiff's original briefs and the Report and Recommendation.  As to each issue raised by plaintiff, the Court finds that the Report and

---

[1]     Such Objections are framed in the most conclusory terms imaginable, to-wit: (i) "The Magistrate Judge erred in his report by finding that an arbitration agreement existed which was enforceable" (doc. 28, at 3); (ii) "The Magistrate Judge erred in his finding that an arbitration agreement even if itsexists [*sic*] could be enforced despite federal law prohibiting mandatory arbitration clauses in mortgage contracts" (*id.* at 8); (iii) "The magistrate judge erred by grating [*sic*] motion to compel arbitration when he found arbitration enforceable despite there not being an arbitration contract to enforce" (*id.* at 13); (iv) "The Magistrate Judge erred in finding that the alleged arbitration agreement was not unconscionable" (*id.* at 14); (v) "The Magistrate Judge erred by finding that claims were covered by the alleged arbitration agreement because the Plaintiff's Claims Fall Outside the Agreement's Scope" (*id.* at 19 (emphasis omitted)); (vi) "The Magistrate Judge erred in his report by finding that the Alleged Arbitration agreement was not elective" (*id.*); (vii) "The Magistrate Judge erred in find [*sic*] that the alleged arbitration agreement was unambiguous" (*id.* at 21); (viii) "The magistrate judge erred by finding that the alleged arbitration agreement was not enforceable despite the Defendants not being parties to the contract" (*id.*); and (ix) "The magistrate judge erred in denying the Plaintiff's motion to strike and allowing the declaration filed in support of the motion to compel arbitration to be used as evidence in the case to support compelling arbitration" (*id.* at 27).

Recommendation set forth a cogent, detailed, and thorough explanation, supported by legal authorities and reasoning, why the Magistrate Judge disagreed with plaintiff's position and made the recommendations he did.  Even under the *de novo* review contemplated by 28 U.S.C. § 636(b),[2] the Court finds no error in the Report and Recommendation's treatment of the issues presented.  To the contrary, the Report and Recommendation has explained in clear, persuasive terms why the Magistrate Judge determined that (i) the Dodson Declaration was properly considered in evaluating the Motion to Compel Arbitration; (ii) defendants met their burden under Alabama law of establishing the existence of a contract containing an arbitration agreement and affecting interstate commerce; (iii) the Dodd-Frank Act's provisions prohibiting mandatory arbitration of certain disputes involving mortgage loans were not retroactively applicable to the mortgage executed by plaintiff in 1999; (iv) the arbitration agreement was not unconscionable because there is no evidence of procedural unconscionability in the contract formation process; (v) plaintiff's claims are within the scope of the arbitration agreement; (vi) the arbitration agreement provides for mandatory (not elective) arbitration; (vii) there are no inconsistencies between the Mortgage and arbitration agreement that cannot be reconciled; (viii) the arbitration agreement is unambiguous as to the forum for arbitration and the applicable rules governing such arbitration; and (ix) defendants either stand in the shoes of the arbitration agreement's signatory or are third-party beneficiaries of that agreement, such that they are empowered to enforce same.  The Court **adopts** each of those determinations in full and **overrules** plaintiff's Objections to same.

        After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, it is **ORDERED** as follows:

        1.      The Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated February 23, 2017, is **ADOPTED** as the opinion of this Court;

---

        [2]     Defendants filed a Response to Plaintiff's Objections (doc. 30) in which they argued that plaintiff's failure to articulate "specific" objections to the Report and Recommendation means that this Court should review the Magistrate Judge's determinations for "clear error" pursuant to § 636(b), rather than under a *de novo* standard.  The Court need not decide whether plaintiff's Objections are sufficiently detailed to trigger *de novo* review.  Even under the more stringent *de novo* review, the undersigned would affirm and adopt the determinations and explanations set forth in the Report and Recommendation.

2.      Plaintiff's "Objections to Magistrate's Report and Recommendation" (doc. 28) are **OVERRULED**;

3.      Plaintiff's Motion to Strike Declaration of Lani Dodson (doc. 17) is **DENIED**;

4.      Defendants' Motion to Compel Arbitration (doc. 12) is **GRANTED IN PART**, and **DENIED IN PART**.  The Motion is **GRANTED** insofar as defendants seek an order compelling arbitration of plaintiff's claims, but is **DENIED** insofar as defendants seek dismissal with prejudice of plaintiff's claims against them;

5.      All claims asserted by plaintiff in this action are hereby **REFERRED** to binding arbitration in accordance with the terms of the Arbitration Agreement (doc. 12, Exh. A, at Exh. 2);

6.      This action is **STAYED** pending arbitration; and

7.      Notwithstanding this determination, the Court retains jurisdiction to confirm or vacate any resulting arbitration award under 9 U.S.C. §§ 9-10.  *See TranSouth Financial Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998).  To keep the Court apprised of developments in the arbitral proceedings, defendants are **ordered** to file, on or before the **first Thursday of each month**, a written report reflecting the status of the arbitration proceedings.  The first such report is due on or before **May 4, 2017**.

DONE and ORDERED this 5th day of April, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE