# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROSE McCANTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 16-0283-WS-C** |
| | ) | |
| **CITIFINANCIAL SERVICING,** | ) | |
| **LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the Court *sua sponte*.

Nearly 11 months ago, on April 5, 2017, the undersigned entered an Order (doc. 31), granting defendants' motion for an order compelling arbitration of plaintiff's claims. Pursuant to that Order, all of plaintiff's claims were referred to binding arbitration in accordance with the Arbitration Agreement.[1] In accordance with the ensuing stay, defendants filed monthly status reports reflecting the progress (or lack thereof) of arbitration proceedings. Those status reports consistently reflected a complete lack of activity by plaintiff in commencing arbitration proceedings as she had been ordered to do. In September 2017, the Court admonished plaintiff that if she did not promptly initiate arbitration, then this case would be dismissed without prejudice for failure to prosecute and noncompliance with court orders. (*See* doc. 42.)

Plaintiff elected not to comply. Indeed, as of early January 2018, defendants reported that plaintiff still had yet to file a case with the American Arbitration Association, and that plaintiff's counsel was unresponsive to their inquiries about the matter. (*See* doc. 49.) On that basis, the Court entered a Show Cause Order on January 4, 2018, directing plaintiff to show

---

[1]     Plaintiff appealed from the April 5 Order; however, on July 13, 2017, the Eleventh Circuit dismissed her appeal for lack of jurisdiction. (Doc. 37.) For the last seven and a half months, there have been no pending appeals, with the April 5 Order remaining in full force and effect.

cause "why this action should not be dismissed without prejudice for failure to prosecute and failure to comply with multiple orders of this Court concerning the initiation of arbitral proceedings." (Doc. 51, at 2.) In an untimely Response, plaintiff's counsel indicated that he had taken no action to initiate arbitration proceedings because he had learned in December 2017 that his client had filed an active bankruptcy proceedings sometime earlier. Plaintiff's counsel offered his understanding that any arbitration in this case "would have to be approved by the bankruptcy court." (Doc. 52.) In light of that representation, unsupported by any indication that plaintiff had done anything to seek out such approval, the Court entered yet another Order on January 23, 2018, concluding as follows:

> "Passive inaction is not a viable basis for indefinite dormancy of this case, all in derogation of this Court's April 2017 Order to proceed to arbitration. Plaintiff's counsel is therefore **ordered** to file a supplemental response, on or before **February 22, 2018**, demonstrating that he has been diligent in seeking to obtain all necessary clearances and approvals by the Bankruptcy Court to initiate the court-ordered arbitration in this matter, as well as apprising the Court of the present status of same."

(Doc. 53.) Plaintiff has failed to respond to the January 23 Order, and her deadline for doing so expired a week ago. Moreover, defendants' latest status report, filed on March 1, 2018, reflects that "Defendants have not received notice of this matter having been filed with the AAA." (Doc. 55, ¶ 2.) The Court's numerous admonitions, warnings and directives have all seemingly fallen on deaf ears.

"A district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009). When such violations occur, federal district courts are vested with discretion in fashioning an appropriate sanction pursuant to their inherent powers. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("[a] court may impose sanctions for litigation misconduct under its inherent power"); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.

1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.").

Notwithstanding the availability of such a sanction, the dismissal of an action for failure to prosecute should be imposed "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (dismissal with prejudice "is an extreme sanction that may be properly imposed *only* when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice") (citations and internal quotation marks omitted). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002). Each of these factors is abundantly present here.

McCants was ordered to initiate arbitration proceedings back in April 2017. After a short-lived, unsuccessful appeal of that ruling, McCants simply refrained from taking any action to comply. Repeated inquiries and reminders by opposing counsel and this Court have been ineffectual in coaxing any affirmative steps by McCants. This Court has cautioned her on multiple occasions that continued inaction may result in dismissal for failure to prosecute and failure to comply with court orders. Most recently, plaintiff disregarded the January 23 Order, choosing neither to respond nor (apparently) to undertake any action reasonably calculated to secure any necessary approvals from the Bankruptcy Court. Through this ongoing course of foot-dragging conduct, plaintiff has wasted judicial resources by failing to take even basic steps to open a case with the American Arbitration Association, as she was ordered to do last April.

Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss plaintiff's claims for her failure to comply with multiple orders of this Court, her failure over a protracted period of time to prosecute this action, and her clear record of delay and contumacious conduct. This action is **dismissed without prejudice**. A separate judgment will enter.

DONE and ORDERED this 1st day of March, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE